IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CYNTHIA MENJIVAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CA# _____ |
| AETNA LIFE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Serve: ) | |
| CT Corporation ) | |
| 4701 Cox Road, Suite 285 ) | |
| Glen Allen, VA 23060 ) | |

**COMPLAINT FOR HEALTH BENEFITS
UNDER ERISA**

### I.   Jurisdiction and Venue

**1.**   Plaintiff and her doctors have filed post-service claims for health benefits for her and her spouse, Barry Vuong, under her employer-provided, ERISA-governed Group Health Plan. This lawsuit, which follows an administrative appeal that the Defendant's affiliate, Innovation Health, refused to decide, is filed against the Defendant pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. (herein "ERISA.")

**2.**   Plaintiff seeks an Order that clarifies her rights to health benefits under an employee welfare benefit plan policy providing group health insurance to employees and

families of Booz Allen Hamilton. Specifically, the Plaintiff seeks: a) a declaration and enforcement of rights under the group health insurance policy at issue; b) the approval of payment for multiple health insurance claims related to a car accident in February 2020 in which both Ms. Menjivar and Mr. Vuong were injured and; c) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## II. The Parties

4. Plaintiff Cynthia Menjivar is an employee of the Plan Sponsor and Policyholder, Booz Allen Hamilton.

5. Ms. Menjivar is an insured under a group health benefit insurance policy issued to Booz Allen Hamilton and was so insured at the time this claim arose.

6. Defendant **AETNA LIFE INSURANCE COMPANY** ("Aetna") is an insurance company authorized to write policies like the one at issue here ("The Insurance Policy") in Virginia.

7. **The Insurance Policy** is a group employee health benefit plan as that term is defined under ERISA.

8. Health benefits and health insurance plans are offered and/or underwritten by Innovation Health Plan Inc. and Innovation Health Insurance Company. Innovation Health Insurance Company and Innovation Health Plan, Inc., (Innovation Health) are affiliates of Inova and Aetna Life Insurance Company (Aetna) and its affiliates.

9. Innovation Health is the entity that has made all claim decisions in this matter.

### III.     Background of the Claim

10.     On February 8, 2020 Ms. Menjivar and Mr. Vuong were in a car accident and were injured.

11.     They received medical care from multiple providers.

12.     On their behalf, the treating providers submitted bills for services to Innovation Health.

13.     Innovation Health proceeded to deny the claims related to the auto accident.

14.     The reason Innovation Health gave on the Explanation of Benefits (EOB) forms for denying the claims was, "Your auto insurance is responsible for this. Contact your provider to make sure they submit their bills to the correct insurance. If your auto carrier paid the maximum benefit, send us that information at the address listed on this form."

15.     The EOB forms cited no policy language to support this determination.

16.     The EOB forms also said, "You have the right to look at the relevant documents we used to make our decision on your claim. A copy of the specific rule, guideline, or protocol relied upon in the adverse benefit determination will be provided free of charge upon request by you or your authorized representative."

17.     Ms. Menjivar retained counsel and requested a copy of relevant documents promised in the EOB on September 11, 2020.

18.     Along with her request letter, Ms. Menjivar submitted signed notices of representation for herself and Mr. Voung dated September 8, 2020. The notices said,

NOTICE OF REPRESENTATION

Please be advised that the law firm of:

Benjamin W. Glass, III & Associates, P.C.

will represent me in my health insurance claim. You may contact the firm directly and release all pertinent documents to the Firm. The firm's address is

Benjamin W. Glass, III & Associates, P.C.

3998 Fair Ridge Drive, Suite 250 Fairfax, VA 22033

Tel 703-591-9829 | Fax 703-783-0686

19. Innovation Health did not respond to that letter.

20. On October 15, 2020 Ms. Menjivar made a second request to Innovation Health for the documents related to her claim.

21. Innovation Health did not respond to that letter.

22. On December 11, 2020, Ms. Menjivar submitted a third request for the documents related to her claim as well as an appeal of Innovation Health's decision to deny her claim.

23. In her appeal letter, Ms. Menjivar explained that the 2020 Policy that governed her claim did not include a clause specifying that an auto insurance provider is responsible for paying any health care claims. She included a copy of the "Comprehensive Medical Plan Booklet-certificate" which stated "Plan revision effective date: January 1, 2020."

24. On January 7, 2021, Innovation Health sent a letter to Plaintiff's authorized representative. The letter said,

Subscriber Name: Cynthia Menjivar

> Member Name: Cynthia Menjivar and Barry Vuong
>
> …
>
> Subject: Unauthorized Request
>
> Dear Appellant:
>
> We received a request for an appeal on December 29, 2020.
>
> Our records do not show that you have been authorized to act on behalf of the member named above. For this reason, we cannot begin an appeal or release any information to you. We have contacted our member, and any further correspondence will be addressed to him/her until we receive an authorization from this member.

25. On January 15, 2021 Ms. Menjivar's authorized representative responded and again sent the signed, dated Notice of Representation for both Ms. Menjivar and Mr. Vuong.

26. On February 16, 2021, Innovation Health sent a letter in response. The letter said,

> Your appeal request is not valid. The submitted documents signed by Cynthia Menjivar and Barry Vuong do not specifically authorize you to act as their authorized representative in requesting an appeal from Innovation Health Aetna.
>
> As you stated, you have previously submitted the appeal request(s). We have previously sent Cynthia Menjivar and Barry Vuong authorized representative designations forms under document control numbers (DCNs) 210107068125 and 210107067821. As of today, these forms have not been returned. Therefore, the

appeal process cannot be started.[1]

27. As of the date of filing this lawsuit, Innovation Health has not provided an explanation for why the signed Notice of Representation form is not sufficient for Ms. Menjivar to designate her attorney as her authorized representative, has not provided a copy of Ms. Menjivar's claim file, has not decided the appeal and has not paid the claims in question.

28. ERISA regulations say that claims procedures must not "…contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits." (29 CFR § 2560.503-1(b)(3)).

29. ERISA regulations also say that "…in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." (29 CFR § 2560.503-1(l)(1)).

30. The Plaintiff has exhausted pre-litigation remedies by timely filing an administrative appeal with Innovation Health, but Innovation Health did not issue a

---

[1] The letter also claimed that the copy of the 2020 "Comprehensive Medical Plan Booklet-certificate" that Plaintiff provided with the appeal was not the current Plan document for the dates of service in question, but again cited no Plan language and did not provide a copy of the Plan. The letter said, "Please reference the Coordination of Benefits section on page 85, for information regarding auto insurance." In the 2020 "Comprehensive Medical Plan Booklet-certificate" provided by the employer to Ms. Menjivar, there is no "information regarding auto insurance" on page 85 or anywhere else in the Plan Booklet-certificate.

timely "Final Decision," thus the Plaintiff's claim for benefits is "deemed denied" under ERISA.

## IV.     Relief Sought

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision to deny benefits.

2. That the decision to deny benefits in this case was not only wrong but arbitrary and capricious and an abuse of discretion because at no time did Innovation Health engage in the "reasoned and principled decision-making process" required by ERISA.

3. Directing Innovation Health to approve the claims as stated in Plaintiff's December 11, 2020 appeal.

4. Directing Innovation Health to pay Ms. Menjivar's reasonable attorney fees and costs incurred in bringing this lawsuit.

Respectfully submitted

*Cynthia Menjivar*
By Counsel

_____/s/_____
Benjamin W. Glass, III (VSB #23152)
**Benjamin W. Glass, III & Associates, P.C.**
3998 Fair Ridge Dr., Suite 250
Fairfax, VA 22033
703-591-9829 Tel | 703-783-0686 Fax

Counsel for Plaintiff